**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Guangzhou Shuimo Jiahe Trading Co., Ltd., | |
| Plaintiff, | **Civil Action No.:** 26- cv-1929 |
| v. | |
| NEUROCENTRIA, INC., | **JURY TRIAL DEMAND** |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Guangzhou Shuimo Jiahe Trading Co., Ltd. ("Plaintiff") brings this complaint against NEUROCENTRIA, INC. ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      Plaintiff seeks this relief in response to Defendant's recent accusation of patent infringement as to the U.S. Patent No. 8,637,061 (the "061 Patent"). A true and correct copy of the 061 Patent is attached as Exhibit A.

3.      On February 12, 2026, Amazon sent a notice to Plaintiff regarding a complaint submitted by Defendant under Amazon's intellectual property enforcement program. The complaint alleges that Plaintiff's Gummies ("Non-Infringing Product") infringes the '061 Patent.

1

A true and correct copy of the February 12, 2026, Amazon Patent Evaluation Express Agreement is attached as Exhibit B.

4.      Under Amazon's enforcement procedures, product listings may be removed if a patent complaint is submitted and remains unresolved. The parties have attempted to address the dispute but have not reached a resolution. Plaintiff has elected not to proceed through Amazon's APEX program because that program is limited in scope and does not adjudicate defenses such as patent invalidity.

5.      An actual, present, and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff's manufacture, use, offer for sale, sale, and/or importation of its accused product infringes the '061 Patent.

6.      An actual, present, and justiciable controversy further exists regarding the validity of the '061 Patent.

7.      Defendant's assertion of patent infringement has threatened Plaintiff's business operations and created a substantial and immediate controversy warranting declaratory relief under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.      Plaintiff is a corporation organized under the laws of China. Plaintiff operates an Amazon storefront under the name "VIFSSG" with Seller ID A2PJ4NPLMRO6JF.

9.      Upon information and belief, Defendant is a corporation organized under the laws of the State of California with its principal place of business in California.

10.     Upon information and belief, Defendant is the assignee and purported owner of the '061 Patent.

## JURISDICTION AND VENUE

11.     This action arises under the patent laws of the United States, including 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Defendant because Defendant purposefully directed patent enforcement activity toward this District, including by submitting an infringement complaint through Amazon's Patent Evaluation Express ("APEX") program targeting Plaintiff's product listing offered for sale to customers in Illinois.

13.     Defendant's enforcement activity was expressly aimed at disrupting Plaintiff's sales into Illinois through Amazon's U.S. marketplace. Defendant knew, or reasonably should have known, that its conduct would cause harm to Plaintiff's commercial activities in this District.

14.     On February 12, 2026, Defendant caused Amazon to initiate a patent enforcement action against Plaintiff concerning U.S. Patent No. 8,637,061. See Ex. B.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District.

16.     In addition, Defendant's accused patented product is offered for sale to customers in Illinois through Amazon.com. On February 19, 2026, Plaintiff caused a test purchase of Defendant's product to be delivered to an address in Chicago, Illinois. A true and correct copy of the order confirmation is attached as Exhibit C.

17.     An actual, immediate, and justiciable controversy exists between the parties regarding infringement and validity of the '061 Patent.

## FACTUAL BACKGROUND

18.     The United States Patent and Trademark Office issued U.S. Patent No. 8,637,061 on January 28, 2014. See '061 Patent, Ex. A.

19.     Upon information and belief, Defendant is the assignee and purported owner of the '061 Patent, including the right to enforce it.

20.     On or about February 12, 2026, Defendant submitted a complaint to Amazon under its patent enforcement procedures alleging that Plaintiff's product infringes the '061 Patent. See Ex. B.

21.     Following Defendant's submission, Amazon notified Plaintiff that its product listing identified as ASIN B0C3XL9LWH was subject to removal if the dispute was not resolved or otherwise adjudicated.

22.     Defendant's assertion of infringement has adversely affected Plaintiff's business operations and commercial activities in the United States.

23.     Plaintiff disputes Defendant's allegations and contends that its product does not infringe any valid claim of the '061 Patent.

## REEXAMINATION

24.     On January 13, 2026, the United States Patent and Trademark Office ordered ex parte reexamination of the '061 Patent after determining that substantial new questions of patentability exist. See Ex. D.

25.     The reexamination is based on prior art references that raise issues of anticipation and obviousness under 35 U.S.C. §§ 102 and 103.

26.     The ongoing reexamination calls into question the validity of one or more asserted claims of the '061 Patent.

27.     The existence of the reexamination further underscores the present, concrete, and justiciable controversy between the parties.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT (U.S. PATENT NO. 8,637,061)

28.     Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     Defendant has contended that Plaintiff's product, including at least Amazon ASIN B0C3XL9LWH, infringes one or more claims of the '061 Patent.

30.     Plaintiff avers that its product does not infringe any valid and enforceable claim of the '061 Patent.

31.     Plaintiff avers that its product does not meet each and every limitation of any asserted claim of the '061 Patent, either literally or under the doctrine of equivalents.

32.     Plaintiff avers that it has not directly or indirectly infringed, and does not directly or indirectly infringe, any valid and enforceable claim of the '061 Patent through the manufacture, use, offer for sale, sale, and/or importation of its product.

33.     An actual and justiciable controversy exists regarding infringement of the '061 Patent, and Plaintiff is entitled to a declaration that it does not infringe any valid and enforceable claim thereof.

34.     Plaintiff reserves the right to seek a determination that this case is exceptional under 35 U.S.C. § 285 should the evidence demonstrate that Defendant's assertion of the '061 Patent lacks merit or was otherwise improper.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY
### (35 U.S.C. §§ 102 and 103)

35.     Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     The asserted claims of the '061 Patent are invalid under 35 U.S.C. § 102 because they were anticipated by prior art.

37.     The asserted claims are invalid under 35 U.S.C. § 103 because they would have been obvious to a person of ordinary skill in the art at the time of the alleged invention.

38.     The prior art underlying the USPTO's reexamination confirms that substantial questions exist as to the patentability of the asserted claims.

39.     An actual and justiciable controversy exists regarding the validity of the '061 Patent, and Plaintiff is entitled to a declaration that one or more of its claims are invalid.

## COUNT III: DECLARATORY JUDGMENT OF INVALIDITY
### (35 U.S.C. § 112)

40.     Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.     The asserted claims of the '061 Patent are invalid under 35 U.S.C. § 112 for failure to satisfy the statutory requirements, including but not limited to written description, enablement, and definiteness.

42.     An actual and justiciable controversy exists regarding compliance of the '061 Patent with § 112, and Plaintiff is entitled to declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

6

A. Enter judgment declaring that Plaintiff does not infringe any valid and enforceable claim of U.S. Patent No. 8,637,061;

B. Enter judgment declaring that one or more claims of U.S. Patent No. 8,637,061 are invalid;

C. Award Plaintiff its costs incurred in this action;

D. Award such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: February 20, 2026        Respectfully submitted,

/s/ Alexander Warden
Alexander Warden, Esq
alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
*Attorney for Plaintiff*

7

## **VERIFICATION**

I, __JIA BAO WANG_____, declare as follows.

I am the authorized representative of Plaintiff Guangzhou Shuimo Jiahe Trading Co., Ltd

. and am authorized to make this verification on its behalf.

I have reviewed the foregoing Complaint for Declaratory Judgment.

The factual statements contained in the Complaint are true and correct to the best of

my knowledge, information, and belief. I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Executed on this _20_ day of ____02_____, 2026.

Name: *Jia Bao Wang*

Title: CEO
Guangzhou Shuimo Jiahe Trading Co., Ltd.